May it please the Court, my name is Helen Sklar and I represent Petitioner Angelus Ortega Gonzalez. The question in this case is whether Ms. Ortega's voluntary departure was stayed by the filing of a petition for review, thereby maintaining her prima facie eligibility for relief pursuant to Section 203 of NACARA. The BIA ruled that voluntary departure was not stayed, notwithstanding the timely filing of a petition for review. However, the parties agree that voluntary departure was stayed, at least while the petition for review was pending. The parties also agree that while the voluntary departure period was stayed, Ms. Ortega was prima facie eligible for relief under NACARA. The government has not adopted the BIA's position in its ruling in this case that voluntary departure was not stayed at all. Because it seems that there's no dispute that voluntary departure was stayed, it's our view that the issue in this case and the issue properly before this Court pertains to the proper remedy. In light of my significant error in failing to file the motion to reopen and the significant prejudice to my client that resulted from it, we believe that the proper remedy is the one fashioned by this Court in Castillo-Perez v. INS. That remedy would place Ms. Ortega in the legal posture that she was in when the ineffective assistance occurred. According to the Court in Castillo-Perez, according to this Court, the only effective remedy for the ineffective assistance such as that that occurred here is to afford petitioner a hearing in which counsel may protect petitioner's rights to the same extent that in this case I would have had I not made the error that I made. The application of this rule would look to the period beginning March 9, 2002, which was the date that my client married her NACARA-eligible husband and who at the time had a NACARA application pending. During that period, pursuant to HCFR 240.61A4 and this Court's ruling in Arden-Mattut v. INS, according to those authorities, Ms. Ortega-Gonzalez was clearly prima facie eligible for NACARA, and we believe that she should have her motion to reopen resolved on the merits, because of those authorities and her clear prima facie eligibility, as well as her, the staying of her voluntary departure as a result of the final filing of the petition for review. Do we have to find ineffective assistance of counsel here? Your Honor, I believe that you do. And the reason is the ineffective assistance of counsel is the grounds for — It's the exceptional circumstance. Well, Your Honor, we've argued that it is the exceptional circumstance, and we've also argued that it's a remedy for ineffective assistance created by Castillo-Perez. Should you have advised her that she should have complied with the voluntary departure time? I believe I should have, Your Honor. I'd like to reserve, if there are no other questions, I'd like to reserve the remainder of my time for rebuttal. That's fine. Judge Gould, no questions? I have no questions. All right. As I understand it, you have two theories that turn on ineffective assistance of counsel. One is to follow Castillo-Perez and get a remedy. And the other is to say it excuses compliance with the IME Section 242B. Is that right? That's correct, Your Honor. All right. I have no questions. May it please the Court, Thomas Viteros for the Attorney General. It is uncontested that Petitioner violated her voluntary departure agreement, and pursuant to the statute, she would be statutorily barred from any type of discretionary relief. Accordingly, the issue presented in this case is whether her failure to voluntarily depart should be excused. While Petitioner has offered multiple theories about this, there is only one statutory excuse provided in the INA at the time she was in proceedings. That is a showing that her voluntary departure period should be excused because of extraordinary circumstances. And Petitioner has failed exceptional circumstances. Exceptional circumstances. Excuse me, Your Honor. Probably mean the same thing, but we ought to stick with the language of the regulation. Yes. It's the language of the statute at the time. It's no wonder in the statute. No, I know that. Yeah. The Petitioner's argument fails for two basic reasons. First of all, she never presented the argument to the Board that exceptional circumstances excused her failure to voluntarily depart. In fact, her motion to the Board doesn't contain the words exceptional circumstances. Is that maybe a further cause for incompetence of counsel to be found? Only if that argument was valid, Your Honor. If that argument was not presented to the Board, and should her – should Petitioner want to yet again present an ineffective claim, that possibly could be the ground for that, but that would require a new proceeding before the Board. The second issue here, fundamental problem with Petitioner's claim, is probably more important. In her affidavit in support of her motion to reopen, she doesn't mention the term voluntary departure. Accordingly, there's no factual basis concerning why she failed to voluntarily depart. So accordingly, for this Court to grant this petition, it would be – Where in the record does it suggest that she wrongly informed her client that she didn't have to comply with the voluntary departure? That is absolutely absent in the record. There's no mention as to why she did not voluntarily depart. There's no mention as to whether counsel informed her incorrectly regarding voluntary departure. Today, she said that she would have advised – she should have advised her client to voluntarily depart. Well, that's not in the record. That would be the difference between this case and this Court's case in Valera, where the attorney misled the client in – concerning voluntary departure. Petitioner is faced with two hurdles in this case while a late motion to reopen. She must overcome the fact that her motion would have been two and a half years late and that the motion had some sort of substantive merit. That first hurdle, the Board did not address. The second hurdle is she must overcome her failure to voluntarily depart. These are two independent hurdles. Petitioner offers what can be described as a domino theory for why her failure should be excused. Her – basically that she should have performed a – her attorney should have performed a series of actions or a series of circumstances should have taken place that would have made it so she wouldn't have ever had to comply with voluntary departure. Notably, these series of actions do not relate to her decision to not voluntarily depart. They merely go to her first hurdle, her failure to file the motion to reopen. This series of actions includes filing a petition for review in this Court of her initial decision, which would have stayed – which did stay her voluntary departure. Her attorney actually did the first one. The second would have been a filing of a motion to reopen with the Board. The third would have been then to come to this Court and ask this Court to hold her petition for review in abeyance. The fourth would be this Court would actually have to grant that motion to hold in a parking lot while she went and attempted to get a different form of relief, and likely over the objections of the government, because as it turned out, this Court determined that it did not have jurisdiction over that petition for review. So she would have to overcome that as well. And then fifth, she argues that she would have been successful before the Board, although her husband at the time was not – had not been granted a car or relief. Notably, all five of these things relate again to that first hurdle, that motion to reopen that her lawyer messed up the motion to reopen, but does not address why, when these events did not occur, she did not voluntarily depart. From DADA, we know that voluntary departure and motions to reopen are separate forms of relief. And as observed in this Court in Granados, Ociguera, under the revised statute, the Board can properly deny a motion to reopen in this Court based on the substance of the motion or on voluntary departure. They are two separate independent hurdles. And in this case, she has not addressed that second hurdle. But – Had she departed within the proper voluntary departure period, she could then return as soon as her husband got proper status? She would – she would not have a voluntary departure bar. She may have other bars, which there would be waivers for, for a spouse. However, because she would become a lawful permanent resident, there might be – there would be a period of time in which a visa would not be available. But, no, she could – yes, if she had followed that process and voluntarily departed, she would not have had an order of removal against her, and she could have then reentered the country at some point based on her marriage or possibly her husband becoming a U.S. citizen, which would then move her up the chain of the visa granting. She bargained for – Petitioner bargained for a 30-day period in which to voluntarily depart the United States, and she did not comply with that agreement. But I'm a little – I understand the first part of your argument. I've understood that the reason she – that the Petitioner herself did not depart was because – was on advice of counsel, that she didn't need to. That is not contained in the record anywhere, Your Honor. It's not in her affidavit, which doesn't mention voluntary departure. It's not in the attorney's affidavit, which doesn't mention anything about the advice she gave. This Court would have to assume that fact, that she was given that advice, and that advice was faulty, and that she acted upon that. It is dangerous to assume facts. The facts could also be assumed that she informed her lawyer, I'm not going to depart, and her lawyer then has done everything she can to raise her case. But those facts are not in the record. And so that's why this Court would have to assume that she acted upon this advice improperly. And the record contains absolutely no evidence that her lawyer provided such advice or that she relied on it in any way. In fact, we know really absolutely nothing about why she did not comply with her voluntary departure order. None of the purported failures that are outlined in those five – the series of five dominoes – affect why, when they didn't occur, she didn't voluntarily depart. Briefly, in addressing the Castillo-Perez argument that Petitioner has raised, I think that's fully briefed in our opening brief. Castillo-Perez stands to the proposition that to go back in time, we're going to apply the law that was in effect at that time. Well, in this case, we are applying the law that was in effect at that time, but she would also like to apply the facts that were in effect at that time, ignoring the fact that after she was ordered removed, she failed to voluntarily depart. And nothing in Castillo-Perez stands to the proposition that we have to ignore the facts that have occurred since then. By analogy, if Petitioner had been convicted of a crime that would preclude various reliefs, it would be clearly appropriate for the Board to consider those crimes in – and I think that's spelled out, set forth in our opening brief. For these reasons and the reasons set forth in our opening brief, the petition for review should be denied. All right. Thank you. Is counsel correct that essentially the reason she didn't depart was simply because you didn't advise her that she had to? Your Honor, I was looking for the site and the record to my declaration, and I was not able to. It's at AR-629. I'm sorry? AR-629. Thank you. Yes. Thank you. Your Honor, I did clearly advise her to get married, and the understanding that was incorrect, I now know, but the understanding that flowed at that time from telling her to get married was that she would become prima facie eligible for NACARA, when, as I state in my declaration, they retained me together. And what the analysis flowed from was two people, one of whom was clearly prima facie eligible for NACARA with a pending application, and his fiancée. I believe that the record makes clear that my ineffective assistance was to presume that a remedy would flow from that while in the United States. So I do not believe the record states explicitly that I told her to leave or not to leave, but the implicit understanding she had and that I gave her was that she should marry and she would become prima facie eligible for NACARA. The understanding regarding NACARA is that it was a remedy that people applied for and were granted in the United States akin to adjustment of status. The other point I'd like to make is that the issue before this Court is really a very complex issue. Under Martín Zelaya, is it not the case that this Court should properly consider the issue that the Board ruled on, which is whether or not voluntary departure was in effect, rather than the plethora of issues that have been raised by the Board regarding the question of whether or not it's a factual situation or a legal matter that is looked at in regard to the period of time that the voluntary departure was in effect, which we agree about. In Castillo-Perez, yes, it's true that there was a different law in effect at the time and the law changed, but there was also a factual issue interacting with the law, which was that Mr. Castillo-Perez didn't have the seven years continuous physical presence from the date the order to show cause was issued to the date, from the date of his entry to the date the OSC, or order to show cause, was issued. So there was clearly a factual issue present in that case as well that created it as an issue in the first place. So I don't see that distinction as necessarily relevant here. I think my understanding of Castillo-Perez is that where the ineffective assistance of an attorney has created a serious and irreparable injury to a client, the client shouldn't be forced to punish changes in law and or facts that take place subsequent to the time that the injury was imposed on the client. All right. Any questions? All right. No questions. Thank you. Thank you. Counsel, we appreciate the argument, but it's a confusing case, I must say. The case is submitted. The next case listed on calendar was Bustos-Camaro v. Holder, and that has been removed from the calendar.
judges: Fletcher B. , Fisher, Gould